UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO PARRA, ) | Case No. EDCV 09-1586 JC |
|     Plaintiff, ) | |
| ) | MEMORANDUM OPINION AND |
|     v. ) | ORDER OF REMAND |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
|     Defendant. ) | |

## I. SUMMARY

On August 31, 2009, plaintiff Lino Parra ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 3, 2009 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed properly to consider competent lay evidence.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 14, 2006, plaintiff filed applications for Supplemental Security Income and Disability Insurance benefits. (Administrative Record ("AR") 27). Plaintiff asserted that he became disabled on June 15, 2004, due to: seizures, migraines, back pain, anxiety, alcoholism, hepatitis C, possible liver disease, and epilepsy. (AR 83). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) on August 13, 2008. (AR 5-19).

On September 29, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 27-35). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: seizure disorder, obesity and history of alcohol abuse (AR 29); (2) plaintiff suffered from the following non-severe impairments: history arterial hypertension, right lower lobe atelectasis, tension headache, hepatitis C, back pain and neck pain (AR 30); (3) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 31); (4) plaintiff retained the residual functional capacity to perform light work with certain exertional limitations[1] (AR 31); (5) plaintiff could not perform his past relevant work (AR

---

[1] More specifically, the ALJ determined that plaintiff could perform light work but (i) is able to perform postural activities only on a frequent basis; (ii) should not drive, or climb a ladder, rope or scaffolds; and (iii) should not work with hazards such as unprotected heights or dangerous machinery. (AR 31). The ALJ defined "frequent" as "occurring from one-third to two thirds of the time or approximately 6 hours in an 8-hour workday." (AR 31).

33); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 34); and (6) plaintiff's allegations regarding his limitations were not totally credible (AR 31).

The Appeals Council denied plaintiff's application for review. (AR 17).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///

|   |     |                                                                              |
|---|-----|------------------------------------------------------------------------------|
|   | (4) | Does the claimant possess the residual functional capacity to perform his past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
|   | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV.   DISCUSSION

### A.   A Remand is Appropriate Because the ALJ Erroneously Failed to Address the Lay Evidence Supplied by Plaintiff's Spouse and the Court Cannot Find Such Error Was Harmless

Plaintiff contends that a reversal or remand is appropriate because the ALJ erroneously failed to address the written statement supplied by plaintiff's spouse and to provide adequate reasons for rejecting such evidence.  Defendant concedes the ALJ erred, but contends such error was harmless and does not justify remand.  As this Court cannot find that the ALJ's error was harmless, a remand is warranted.

#### 1.   Pertinent Facts

##### a.   Plaintiff's Statements and Testimony

In a Function Report dated June 21, 2006, plaintiff stated that he:  (i) has anxiety attacks "every morning" and "all the time"; (ii) "stresses all the time" and is nervous; (iii) is not able to sleep at night due to anxiety attacks, stress and nervousness; (iv) is unable to do house or yard work due to body aches, nerves and his mental and physical disabilities; (v) goes out 2-3 times a day, but cannot drive himself, and cannot go out alone due to seizures, anxiety attacks and loss of concentration; (vi) is unable to handle money; (vii) needs reminders for doctors appointments, and always needs his spouse to accompany him; (viii) has difficulty with lifting, bending, kneeling, memory, completing tasks, concentration, understanding, following instructions, is very absent minded, has body aches, muscle spasms, nerves and anxiety attacks; (ix) can walk less than 1/4 mile without resting, can pay attention for only 30 minutes or less; (x) does not finish what he starts; (xi) does not handle stress well, has constant fear of seizures,

cannot be around people; (xii) has seizures that "drain[] his mind" and cause "body aches for several days"; and (xiii) has epilepsy, depression and hepatitis C. (AR 91-98).

In a Seizure Questionnaire dated June 21, 2006, plaintiff stated that: (i) he has seizures about four to six times a year that each last approximately 15 minutes; (ii) after a seizure he is "mentally exhausted," his body is "very sore," and he cannot resume normal activities for "several weeks"; and (iii) he still has seizures even when taking medication. (AR 99-101).

On August 13, 2008, at the administrative hearing, plaintiff testified regarding his symptoms, pain and limitations. (AR 10-15). He stated, *inter alia*, that: (i) he has seizures and memory loss (AR 11, 15); (ii) his wife "does everything" for him, and he cannot even fill out an application (AR 11); (iii) he is a "really nervous person" and "anything stresses [him] out" (AR 11); (iv) he gets "dizzy all the time," has to sit down and rest, and has seizures during the day" (AR 15); (v) his medication does not have the seizures under control (AR 15).

### b. Statements of Plaintiff's Spouse

On June 22, 2006, plaintiff's spouse, Cynthia M. Parra, who had known plaintiff for approximately 24 years before the administrative hearing, completed a function report regarding her observations of plaintiff's alleged impairments and their asserted impact on plaintiff's daily activities. (AR 102-09). She reported, *inter alia*, that plaintiff: (i) wakes every day with anxiety attacks, depression, and always does not feel good; (ii) "gets very tired in [a] short time"; (iii) is awakened by anxiety; (iv) has cramps and muscle spasms in his back to where plaintiff will "yell he's in pain," has "back spasms [that] are very painful for him"; (v) needs medication reminders; (vi) does not prepare his own meals or do house or yard work because he gets "exhausted very fast" and "can't lift [due to] loss of breath[]"; (vii) cannot drive or go out alone; (viii) cannot take care of money because he is very absent minded; (ix) has difficulty with lifting, squatting,

bending, walking, kneeling, memory, completing tasks, concentration and following instructions; (x) can walk only for 1/8 to 1/4 of a mile before he needs to rest; (xi) can pay attention for only 30 minutes, is unable to follow written instructions and does not follow spoken instructions well due to memory loss; and (xii) does not handle stress or changes in routine well.  (AR 102-09).

### 2. Pertinent Law

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.  Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to work).  The standards discussed in these authorities appear equally applicable to written statements.  Cf. Schneider v. Commissioner of Social Security Administration, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable

///

ALJ, when fully crediting the testimony, could have reached a different disability determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

### 3. Analysis

As the above-stated facts reflect, the statements of plaintiff's spouse are, on the whole, consistent with, and corroborate plaintiff's testimony and statements regarding his symptoms, pain and limitations. Plaintiff's spouse's statements constituted competent lay evidence that the ALJ was required to take into account unless he expressly determined to disregard it and gave reasons therefor. It is undisputed that the ALJ erred in silently disregarding such evidence.

Although defendant urges the Court to conclude that this error was harmless, the Court cannot do so because it cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1055-56. If fully credited, plaintiff's spouse's statements substantially support plaintiff's description of his symptoms, pain and limitations, and could have caused a reasonable ALJ to reach a different disability determination. Accordingly, this Court cannot deem the ALJ's failure to address the lay witness statements supplied by plaintiff's spouse harmless.[2]

///
///
///
///

---

[2] Defendant suggests that because plaintiff's spouse's statements were largely consistent with plaintiff's testimony and written evidence, they should be discounted for the same reasons that the ALJ discounted plaintiff's testimony. (Defendant's Motion at 2-3). While the ALJ may well have discounted plaintiff's spouse's statements for such reasons, he did not so state in his decision, and the Court cannot so conclude on this record. This Court may not affirm the decision of an agency on a ground that the agency did not invoke in making its decision. Stout, 454 F.3d at 1054 ("[T]he ALJ, not the district court is required to provide [rationale] for rejecting lay testimony.") (citations omitted).

1  **V.    CONCLUSION**[3]

2   For the foregoing reasons, the decision of the Commissioner of Social

3  Security is reversed in part, and this matter is remanded for further administrative

4  action consistent with this Opinion.[4]

5   LET JUDGMENT BE ENTERED ACCORDINGLY.

6  DATED:  September 30, 2010

7                                                                    /s/
   _____
8                                                Honorable Jacqueline Chooljian
                                                 UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).